UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIKA J. DANDRIDGE,

    Plaintiff,

v.                                                     Case No. 1:16-cv-486

COMMISSIONER OF SOCIAL             Hon. Janet T. Neff
SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff filed this action to contest an Administrative Law Judge's decision denying benefits. The Court remanded this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). *See* Judgment (ECF No. 17). This matter is before the court on the plaintiff's unopposed motion for allowance of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") in the amount of $4,100.00 (ECF No. 18).

**I.**    **Discussion**

The EAJA provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). The "fees and other expenses" authorized by the EAJA include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A). "Eligibility for a fee award in a civil action therefore requires that (1) the claimant be a prevailing party, (2) the government's position was not

'substantially justified,' and (3) no special circumstances made an award unjust." *Marshall v. Commissioner of Social Security*, 444 F.3d 837, 840 (6th Cir. 2006).

Plaintiff has met the three criteria to be eligible for an EAJA award. First, plaintiff is the prevailing party. *Marshall*, 444 F.3d at 840. Second, by not opposing the application, the government has failed to demonstrate that its action was substantially justified. *Id.* Third, no special circumstances exist in this case to make an award unjust. *Id.*

The next step is to determine the amount of fees to be awarded under the EAJA, which provides that the amount of attorney fees awarded:

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). "Although the EAJA was enacted in October 1981, it was amended in March 1996 to increase the hourly fee rate from $75.00 to $125.00. 28 U.S.C. § 2412(d)(1)(D)(2)(A)." *Metropolitan Van and Storage, Inc. v. United States*, 101 Fed. Cl. 173, 191 (Fed. Cl. 2011). Thus, the statutory rate for EAJA fees has remained the same for two decades since the last increase. It has become commonplace for prevailing plaintiffs in Social Security Appeals to request EAJA fees and then request attorney fees in excess of $125.00 per hour. In recent years, this Court has found a reasonable attorney fee for experienced Social Security practitioners in EAJA cases to be $175.00. *See, e.g.*, *Malewitz v. Commissioner of Social Security*, No. 1:12-cv-1285, 2014 WL 3354017 (W.D. Mich. July 9, 2014); *Nichols v. Commissioner of Social Security*, No. 1:09-cv-1091, 2012 WL 1189764 (Report and Recommendation) (W.D. Mich. March 19, 2012), adopted in 2012 WL 1190175 (Order) (April 9, 2012); *Mueller v. Commissioner of Social Security*,

1:09–cv–695, 2011 WL 2648703 (W.D. Mich. July 6, 2011); *Karadsheh v. Commissioner of Social Security*, 1:08–cv–988, 2010 WL 4259644 (Report and Recommendation) (W.D. Mich. Sept.17, 2010), adopted in 2010 WL 4259616 (Order) (Oct. 20, 2010).

The Court based this $175.00 hourly rate on the increased cost of living as well as the prevailing market rate for hiring an attorney in Kent County, Michigan. Kent County, a well populated county in the center of the southern division of this district, is home to the state's second largest city and a venue of this Court, and is well situated for determining a proper market rate. *Cf. B & G Mining, Inc. v. Director, Office of Workers' Compensation Programs*, 522 F.3d 657, 663 (6th Cir. 2008) (appropriate rate for attorney fees under the lodestar method "is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation") (McKeague, J.) (internal quotation marks omitted). The mean hourly billing rate for attorneys in Kent County is $298.00, an amount which is 138% higher than the statutory rate set forth in the EAJA. *See Economics of Law Practice in Michigan*, Michigan Bar Journal, Vol. 93, No. 9 at p. 26 (2014 Survey) (Sept. 2014). A significant majority of attorneys in Kent County (i.e., 75%) bill at an hourly rate exceeding $208.00, an amount which is 66% higher than the EAJA statutory rate. *Id.* Statewide, the mean hourly billing rate for public benefits attorneys in Michigan is $231.00, an amount which is 85% higher than the EAJA statutory rate. *Id.* at p. 25. A significant majority of public benefits attorneys statewide (i.e., 75%) bill at an hourly rate exceeding $180.00, an amount which is 44% higher than the EAJA statutory rate. *Id.* The reality is that most attorneys in Kent County, and most public benefits attorneys statewide, bill at hourly rates far in excess of the EAJA hourly rate of $125.00. Restricting attorney fees to the statutory rate - which has not changed in two decades - will limit the availability of qualified attorneys for Social

Security Appeals in this area. Given these considerations, the Court concludes that the previously allowed rate of $175.00 is a reasonable attorney fee for EAJA awards to successful plaintiffs in Social Security Appeals. While this fee is considerably more than the EAJA's statutory rate, it is still less than the fee charged by the majority of attorneys in Kent County, as well as the majority of attorneys practicing public benefits law statewide. Accordingly, the Court is justified in allowing fees up to that amount.

Plaintiff seeks fees for 21.75 attorney hours spent on this case at an hourly rate of $175.00 ($3,806.25) and fees for 4.35 paralegal hours at an hourly rate of $100.00 ($435.00). While the time spent results in a fee of $4,241.25, the unopposed motion indicates that the parties have agreed to a reduced fee in the amount of $4,100.00. This case was fairly typical, involving a normal-sized record, straightforward issues and no oral arguments or supplemental briefing. In the Court's experience, counsel seeking EAJA fees related to Social Security Appeals spend in the range of 15 to 30 hours working on these appeals. *See, e.g.*, *Mueller*, 2011 WL 2650651 (23.5 hours); *Cooper v. Commissioner of Social Security*, 1:09-cv-40, 2011 WL 3269446 (W.D. Mich. April 11, 2011) (32.75 hours); *Karadsheh*, 2010 WL 4259644 (14.7 hours); *Huls v. Commissioner of Social Security*, 1:07-cv-748, 2008 WL 1932429 (W.D. Mich. May 1, 2008) (22.0 hours). In this case, it appears to the Court that plaintiff's counsel's time spent on this matter fell well within that range. Accordingly, plaintiff's counsel should be awarded a fee in the amount stipulated to by the parties of $ 4,100.00.

## II. RECOMMENDATION

I respectfully recommend that the plaintiff's motion for allowance of attorney fees under the EAJA (ECF No. 18) be **GRANTED** and that defendant pay plaintiff attorney fees in the amount of **$4,100.00**.


Dated:  April 25, 2017			/s/ Ray Kent
					RAY KENT
					United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).